HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HANG T. NGUYEN,

                    Plaintiff,

    v.

IBM LENDER BUSINESS PROCESS
SERVICES INC., et al.,

                    Defendants.

No. CV11-5326RBL

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO DISMISS
[Dkt. #s 6&14]

      This matter is before the Court on the Defendants' Motion to Dismiss [Dkt. #6]. The case involves a *pro se* debtor Plaintiff asserting a variety of claims in the aftermath of the foreclosure on her home. To that extent, it is similar to many such cases filed in this District and elsewhere in recent years. The Defendants are the usual group of loan servicers, foreclosing lenders and trustees.

      Plaintiff asserts claims under the Washington Deed of Trust Act, for breach of contract, promissory estoppel, equitable estoppel, and violation of the Consumer Protection Act, and seeks to quiet title. Defendants argue that four of these claims are barred by Plaintiff's failure to enjoin or prevent the sale under RCW 61.24.090; .127; and .130, and cases decided under these statutes. Defendants appear to concede that the DOTA claim and the CPA claim are not barred by the foreclosure sale, but argue that none of Plaintiff's claims are viable in any event, and seeks dismissal of all claims with prejudice.

ORDER - 1

The case differs from the more typical variety of cases involving in default plaintiff debtors seeking to avoid foreclosure, or to recover damages in the aftermath of it, in one respect. Plaintiff claims that, prior to foreclosure, she sought and received assurances from Defendants that if she made a partial payment under the Home Affordable Modification Program (HAMP) (*see* 12 U.S.C. §5201 *et seq*.), the foreclosure sale would not proceed. She alleges that she in fact paid 25% of the outstanding arrearage, or $4526, and that Defendants foreclosed anyway. Plaintiff argues[1] that this fact supports her breach of contract, promissory and equitable estoppel claims, and that her failure to enjoin the sale is explained or excused by the fact she sought to stop it by making the payment.

Citing the HAMP program and *Badgett v. Security State Bank,* 116 Wn.2d 563 (1991), Defendants argue that under they are under no federal or state obligation to renegotiate a loan. They do not otherwise address plaintiff's claim that a deal was struck to avoid foreclosure if she applied for relief under HAMP and paid part of her past due debt.

**DISCUSSION**.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations

---

[1] Defendants Move [Dkt. #14] to Strike Plaintiff's Reply [Dkt. #13] further articulating her position as not permitted under the Rules. Plaintiff is pro se and the Motion to Strike is DENIED.

ORDER - 2

must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*).

### 1. Plaintiff's Deed of Trust Act claim fails as a matter of law.

Defendants argue persuasively and without serious rebuttal that Plaintiff's Deed of Trust Act claim is based only on her unsupportable claim that required notices regarding the foreclosure process were not given to her. Defendants' Motion on this claim is GRANTED and this claim is DISMISSED.

### 2. A portion of Plaintiff's Breach of Contract claim is sufficient under Rule 12(b)(6).

Plaintiff's breach of contract claim is not entirely clear. Defendants claim that it is necessarily based only on the Deed of Trust, and correctly argue that she cannot based a claim on that contract. But Plaintiff also alleges that she reached an oral agreement with the Defendant (LBPS and FNMA) that she would apply for the HAMP program, that they would not foreclose while her application was pending, that they would inform her of the determination, and that they requested that she make a 255 payment of the past due amount ($4826) and that she performed her portion of the bargain. Plaintiff alleges that Defendants accepted her money and a week later foreclosed anyway.

Defendants correctly argue that oral Agreements regarding the extension of credit are not enforceable. But the subject of the agreement relied upon by Plaintiff was not for the extension of credit; the agreement was that Plaintiff would make a payment to stave off foreclosure while her HAMP application was reviewed. The pro se Plaintiff has sufficiently stated a claim for breach of this oral agreement. Defendants' Motion to Dismiss Plaintiff's breach of contract claim is therefore GRANTED as to the Deed of Trust – based claim, and DENIED as to the oral contract claim regarding HAMP and the partial payment.

**3. Plaintiff's equitable estoppel claim similarly survives the Rule 12(b)(6) Motion.**

Defendants seek dismissal of the Plaintiff's equitable estoppel claim, based on the same facts and argument raised in their Motion regarding her breach of contract claim. For the same reasons, this claim survives the Motion. Plaintiff is not alleging that defendants had an obligation to accept her HAMP application (and, if she is, that claim is dismissed), but rather that Defendants promised her they would not foreclose if she applied and made a partial payment. Defendants' Motion to Dismiss Plaintiff's Equitable Estoppel claim on this limited basis is DENIED. Plaintiff's claims based on TARP or the failure to grant HAMP relief is DISMISSED.

**4. Plaintiff's Promissory Estoppel claim survives Defendants' Rule 12(b)(6) Motion**.

Defendants argue that Plaintiff's promissory estoppel claim is deficient because such claims do not apply where a contract between the parties governs, because the alleged promise is required to be in writing, and because the claim is barred by the economic loss rule. The contract relied upon by the Defendants – the Deed of Trust – does not address the subsequent "deal" regarding the partial payment and its effect on the pending foreclosure, as discussed above.

Plaintiff can assert this claim as alternative to her oral contract claim, in the event that claim fails for lack of consideration or otherwise. The economic loss rule prevents a party to a contract from recovering economic tort damages for breach of a contract. Promissory estoppel is not a tort claim, and the most appropriate damage measure is often reliance (rather than expectation) contract damages. Defendants' Motion to Dismiss Plaintiff's promissory estoppel claim (as that claim relates to her reliance on the promise regarding the partial payment) is DENIED.

**5. Plaintiff's CPA claim is Dismissed**.

Plaintiff asserts that the Defendants' conduct during the foreclosure constitutes a violation of Washington's Consumer Protection Act (Chapter 19.86 RCW). Defendants argue that Plaintiff has not and cannot sufficiently allege the elements of such a claim, including particularly that the she has not alleged that the acts complained of impact the public interest.

Plaintiff has not alleged the elements of a CPA claim, and the one incident in question is a private dispute. Defendants' motion on this claim is GRANTED and the claim is DISMISSED.

**6. Plaintiff's Quiet Title Claim is Dismissed.**

Finally, Defendants seek dismissal of Plaintiff's Quiet Title claim. Plaintiff seeks to have this Court quiet the title to her former property in her name. A quiet title action seeks to resolve competing claims of ownership. Plaintiff's claim to ownership of the property depends on the success of one of her other claims. None of Plaintiff's efforts to recover her property or to overturn the foreclosure sale survives Defendants' Motion to Dismiss. The only claims that do survive relate to the partial payment made by Plaintiff, allegedly on reliance of the defendants' promise that the payment would stop the foreclosure. The Defendants' Motion to Dismiss the Plaintiff's Quiet Title claim is GRANTED and that claim is DISMISSED.

**IT IS SO ORDERED.**

Dated this 8th day of December, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE